*104 OPINION OF THE COURT
Per Curiam.
Thomas J. Bailey, admitted as Thomas Joseph Bailey, has submitted an affidavit dated August 13, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Bailey was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1995, under the name Thomas Joseph Bailey.
Mr. Bailey is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) involving allegations of neglecting a legal matter entrusted to him; failing to keep a client reasonably informed about the status of the matter; failing to promptly comply with a client’s reasonable requests for information; misappropriating client funds; failing to render appropriate accounts to a client regarding client funds in his possession; failing to promptly pay or deliver to a client or third person funds in his possession that the client or third person was entitled to receive; and engaging in conduct prejudicial to the administration of justice by failing to promptly or completely cooperate with the Grievance Committee.
Mr. Bailey has submitted an affidavit of resignation dated August 13, 2012, wherein he avers that he would not be able to successfully defend himself on the merits against charges predicated upon the foregoing.
Mr. Bailey further acknowledges that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for a minimum period of seven years.
Mr. Bailey avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyer’s Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him by Judiciary Law § 90 (6-a) (d), and he specifically waives his opportunity pursuant to Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto. The Grievance Committee recommends that the proffered resignation be accepted.
*105 Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Thomas J. Bailey, admitted as Thomas Joseph Bailey, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, P.J., Mastro, Rivera, Skelos and Dickerson, JJ., concur.
Ordered that the resignation of Thomas J. Bailey, admitted as Thomas Joseph Bailey, is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas J. Bailey, admitted as Thomas Joseph Bailey, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Thomas J. Bailey, admitted as Thomas Joseph Bailey, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas J. Bailey, admitted as Thomas Joseph Bailey, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Thomas J. Bailey, admitted as Thomas Joseph Bailey, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).